UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTONIO TERRYLL WIMBERLY, JR.,

      Defendant.
_____/

Case No. 1:25-cr-174

Hon. Paul L. Maloney
United States District Judge

**MOTION TO WITHDRAW AS ATTORNEY, REQUEST
FOR APPOINTMENT OF NEW ATTORNEY,
AND BRIEF IN SUPPORT**

      Undersigned counsel for defendant Antonio Terryll Wimberly, Jr., hereby moves for leave to withdraw as counsel for the reason that a conflict of interest was discovered in her continued representation of Mr. Wimberly. Undersigned counsel recently learned that continued representation of Mr. Wimberly poses a conflict of interest between Mr. Wimberly and client represented by another attorney in the Office of Federal Public Defender. The Assistant United States Attorney in this matter, Daniel McGraw, has been advised of the situation and the relief requested in this motion. AUSA McGraw has indicated that the government takes no position regarding the relief requested in this motion.

**Brief in Support**

      On December 9, 2025, Mr. Wimberly was charged by Indictment with possession with intent to distribute controlled substances. On December 10, 2025, he appeared in

court for his first appearance with another attorney from the Federal Defender Office. He requested court appointed counsel. On December 15, 2025, Mr. Wimberly returned to court with retained attorney Mr. Michael Hills for his arraignment, initial pretrial conference, and detention hearings. Mr. Wimberly was detained, and the Court granted Mr. Wimberly's request for substitution of counsel. On January 13, 2026, Mr. Hills filed a motion asking to withdraw as counsel after a breakdown of the attorney-client relationship. On January 16, 2026, this Court granted Mr. Hills' request and reappointed the Federal Defender Office to represent Mr. Wimberly. The final pretrial conference is currently scheduled for April 6, 2026, and trial is currently scheduled for April 14, 2026.

The Sixth Amendment right to the assistance of counsel is a fundamental right so essential to a fair trial that is part of the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainright*, 372 U.S. 335 (1963). A presumption that a defendant is entitled to counsel of their own choice may be overcome by a demonstration of an actual conflict of interest or by a showing of a serious potential for conflict. *Wheat v. United States*, 486 U.S. 153, 164 (1988). Failure to appoint separate counsel in the face of representations by the attorney of record that an actual conflict of interest exists deprives defendants of the guarantee of assistance of counsel under the Sixth Amendment. *Holloway v. Arkansas*, 435 U.S. 475, 484, 98 S. Ct. 1173, 1178 (1978).

A conflict of interest exists based on the facts known to undersigned counsel. In accordance with past practice in the Office of the Federal Defender, once an issue of this sort is presented, counsel for the affected party moves promptly to raise the matter with the Court by way of Motion to Withdraw.

This conflict of interest inhibits counsel's ability to provide free and unfettered advice to Mr. Wimberly without violating the privilege and duty owed to the other defendant also represented by the Office of the Federal Public Defender.

The State Bar of Michigan's Rules of Professional Conduct clearly set out counsel's duty where there is a conflict of interest:

> Rule 1.7 Conflict of Interest: General Rule.
>
> (a) A Lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
>> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>>
>> (2) each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless:
>
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>>
>> (2) the client consents after consultation.  When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Furthermore, this potential conflict is imputed to attorneys who are associated in a practice under Michigan Rule of Professional Conduct 1.10(a) which reads in part that "[W]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2.

Counsel believes that these rules prohibit her continued representation of Mr. Wimberly.  The conflict of interest is not a "waivable" conflict.  No sufficient procedures or

3

protections are available to allow even the attempt to obtain a waiver of the conflict by either Mr. Wimberly or the other client represented by the Office of the Federal Public Defender.

WHEREFORE, the undersigned respectfully requests this Honorable Court for leave to withdraw as counsel for defendant Antonio Terryll Wimberly, Jr. and asks that the Court appoint new counsel.

Respectfully submitted,

SEAN R. TILTON
Federal Public Defender

Dated: March 3, 2026

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
First Assistant Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420